SCOTT J. SAGARIA (BAR # 217981)
PATRICK C. CALHOUN (BAR # 56671)
SAGARIA LAW
333 WEST SAN CARLOS STREET
SUITE 1625
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>DONNA FLAVETTA,<br>aka DONNA R. AWTREY,<br>aka DONNA R. FERNANDEZ,<br>aka DONNA R. PICHE,<br><br>      Debtor. | Case No. 09-48542-EDJ<br><br>Chapter 11<br><br>**PLAN OF REORGANIZATION**<br><br>NO HEARING REQUESTED |

**DEBTOR'S PROPOSED PLAN OF REORGANIZATION**

FILED BY: Patrick Calhoun

SAGARIA LAW, P.C.
333 W. San Carlos Street
Suite 1700
San Jose, CA 95110

Attorneys for Donna Flavetta

DONNA FLAVETTA, (hereinafter the Debtor) propose this Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code.

## I.     DEFINITIONS

A. DEFINED TERMS

1. "Allowed Claim" or "Allowed Interest" means a claim against the Debtor, including interest where applicable, or an equity security interest in the Debtor, the extent that:

    a. proof of such claim or interest was:

        (1) timely filed, or

        (2) deemed filed pursuant to Section 1111(a) of the Bankruptcy Code, and

    b. (1) is not a disputed claim or

        (2) is allowed and only to the extent of the Final Order.

2. "Bankruptcy Code" means Title 11 of the United States Bankruptcy Code.

3. "Bankruptcy Court" means the United States Bankruptcy Court of the Northern District of California, or in the event such court ceases to exercise jurisdiction over this Chapter 11 case, such court or adjunct thereof which thereafter exercises jurisdiction over this Chapter 11 case.

4. "Cash" means cash or cash equivalents, including but not limited to checks and other similar forms of payment or exchange.

5. "Chapter 11 Case" means this Chapter 11 case, Case No. 09-71748, filed by the Debtor on December 8, 2009.

6. "Claimant" means a holder of an Allowed Claim.

7. "Confirmation" means the entry of a Confirmed Plan.

8. "Confirmation Order" means the entered order of the Bankruptcy Court confirming this Plan of Reorganization.

9. "Debtor" means Donna Flavetta, the debtor and debtor-in-possession in the Chapter 11 case.

10. "Disputed Claim" or "Disputed Interest" means a claim against or interest in the Debtor

    a. which has been included in the Debtor's schedules as disputed, contingent or unliquidated, or a proof of claim filed by a creditor,

    b. as to which an objection has been filed on or before the Effective Date and which objection is not the subject of a Final Order and has not been withdrawn or no subsequent proof of claim has been filed by the creditor on or before the Effective Date.

11. "Distribution" means the Cash to be distributed under the Plan to holders of Allowed Claims.

12. "Effective Date" means the first business day which is 30 calendar days following confirmation.

13. "Filing Date" means September 11, 2009, the date of the filing of Debtor's Petition commencing the Chapter 11 case.

14. "Final Order" means an order of the Bankruptcy Court of the District Court as to which

a. an appeal that has been taken has been finally determined and dismissed, or

b. the time for appeal has expired and a notice of appeal has not been timely filed.

15. "Non-Classified Claims" means claims of the type described in Article III of the Plan.

16. "Plan" means this Plan of Reorganization.

B. UNDEFINED TERMS

A term used and not defined in this Plan, but which is defined on the Bankruptcy Code, has the meaning given to that term in the Bankruptcy Code.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

All claims (except Non-Classified Claims as described in Article III) and interests are divided into the following classes. Except as expressly provided otherwise, a claim or an interest which is properly within more than one class is in the

a class to the extent it qualified within the description of such a class, and is a separate class to the extent it qualified within the description of such other class.

   A.   Plan Objectives

The Plan provides for 5% interest only payments over 60 months for the first and second lien holders.  The third lien holder will not receive any payments, or accrue any interest, until the property can be refinanced or sold at the conclusion of the 60 months, at which time all three lien holders will be paid in full.  The Plan provides for a pro rata 10% payment to unsecured creditors.  The exact amount of each of these payments is set forth below.

   1. **Administrative Claims**

Unclassified Allowed Administrative Claims, other than Operational Administrative Claims, entitled to priority under Section 507(a)(1) of the Bankruptcy Code, will receive payments as may be agreed upon between the Debtors and the administrative claimant.  The unclassified allowed administrative claims as of the date of the Disclosure Statement are the professional fees owed to Debtors' Chapter 11 Counsel, Sagaria Law, P.C.  The Debtors' attorney, Sagaria Law, P.C.'s Application to Employ was granted on December 11, 2009.  Debtor paid a general retainer to Sagaria Law, P.C. on behalf of Debtor in the amount of $10,000.00.  Sagaria Law, P.C. estimates it will incur an additional $10,000.00 in fees through Plan confirmation.  Fees owed to Sagaria Law, P.C. can only be paid upon application to, and approval

by the United States Bankruptcy Court. Sagaria Law, P.C. has agreed to accept payments over time to assist Debtors in their reorganization.

### a) **Pre-Petition Tax Claims**

There are no pre-petition tax claims.

### b) **Post-Petition Tax Claims**

Debtor is current on all post petition taxes owed either to state or federal agencies.

### c) **Court Fees and Costs**

All fees and costs the Debtor owes pursuant to 28 U.S.C. § 1930 will be paid in full on or before the Effective Date of the Plan.

### d) **United States Trustees Fees**

The Bankruptcy Code requires Debtor to pay a fee to the Office of the United States Trustee during the pendency of its Chapter 11 case until the case is converted, dismissed or closed pursuant to a Final Decree. Debtor is current on fees owed to the United States Trustee.

**CLASS 1 IS UNIMPAIRED.**

2. **Class 2 – Substantially Secured Impaired Class with Interest Payment**

The first deed of trust is held by CMR Mortgage and Realty, with an approximate principal balance and arrearage of $3,000,000. This class is impaired

because Debtor is proposing to reduce Debtor's interest rate. Debtor proposes to pay **$12,500.00** per month as a 5% interest only payment on the $3,000,000 balance for 60 months. Debtor will refinance or sell the property at the conclusion of the 60 month period to pay off the balance of the first lien in full.

**CLASS 2 IS IMPAIRED.**

3. **Class 3 – Secured Impaired Class with No Equity and Interest Payment**

The second deed of trust is held by Golden Valley Mortgage, with an approximate principal balance and arrearage of $614,000. This class is impaired because Debtor is proposing to reduce Debtor's interest rate. Debtor proposes to pay **$2,558.33** per month as a 5% interest only payment on the $614,000 balance for 60 months. Debtor will refinance or sell the property at the conclusion of the 60 month period to pay off the balance of the second lien in full.

**CLASS 3 IS IMPAIRED.**

4. **Class 4 – Secured Impaired Class with No Equity and No Interest Payment**

The third deed of trust is held by Robert Petersen, with an approximate principal balance and arrearage of $155,000. This class is impaired because Debtor is not going to make any payments on this loan nor will interest accrue for the duration of Debtor's 60 month Plan. Debtor will refinance or sell the property at the conclusion of the 60 month period to pay off the $155,000 balance of the third lien in full.

**CLASS 4 IS IMPAIRED.**

1. **Class 5 – General Unsecured Creditors**

Debtor is proposing to pay her general unsecured creditors a 10% pro rata share over 60 months. Debtor's Schedule F is attached hereto as **Exhibit B.** Debtor's total unsecured debt pursuant to Schedule F is $200,804.92. Debtor shall repay her unsecured creditors a pro rata share of $334.67 per month over 60 months.

**CLASS 5 IS IMPAIRED.**

B. Other Plan Provisions

1. **Disbursing Agent**

The Debtors will act as the Disbursing Agent under the Plan.

2. **Objections to Claims**

Debtor will have the responsibility for objecting to the Allowance of Claims. All objections shall be filed with the Court not later than 45 days following approval of Debtor's Plan. Debtor, as of the date of this Disclosure Statement, does not anticipate objecting to any of the claims filed thus far.

3. **Executory Contracts**

Debtor hereby assumes her executory contract with Elliston Vineyard.

4. **Prepayment**

Nothing in this Disclosure Statement shall prohibit early Distribution on account of Allowed Claims to Classes 2-4; such Distribution may be made at the option of the Debtor without any pre-payment penalty.

### III. GENERAL PROVISIONS

A. <u>**Effective Date of the Plan**</u>: The Effective Date of the Plan is 30 days after the Order of Confirmation is entered on the docket.

### IV. RETENTION OF JURISDICTION

A. <u>**Final Decree:**</u> When the Plan is complete, which will be when the final 60 month payment has been made and all three liens have been satisfied in full, the Reorganized Debtor shall file an application for a Final Decree and shall serve the application on the United States Trustee, together with a proposed Final Decree. The United States Trustee shall review the status of the case before consenting to the court's entry of the Final Decree.

B. <u>**Vesting of Property in Debtors:**</u> On the Effective Date, all property of the estate shall vest in the Reorganized Debtor pursuant to Section 1141(b) of the Bankruptcy Code, provided that the vesting of said property shall be without prejudice to and shall not act as a bar to a post-confirmation motion to convert this case to one under Chapter 7 of Title 11 by the United States Trustee or any other party in interest on any appropriate grounds, and, upon the granting of such

Case: 09-48542  Doc# 78  Filed: 04/23/10  Entered: 04/23/10 19:18:22  Page 9 of 12

motion, the Plan shall terminate and the Chapter 7 estate shall consist of all remaining property in the Chapter 11 estate not already administered. Such remaining property shall be administered by the Chapter 7 Trustee as prescribed in Chapter 7 of the Bankruptcy Code. The Reorganized Debtor reserves the right to oppose any such motion.

    **C.**    <u>**Post-Confirmation Professional Fees:**</u> A professional performing post-confirmation services for the Debtor is not required to obtain court approval of his/her fees and costs.

    **D.**    <u>**Modification of the Plan:**</u> The Plan may be altered, amended or modified by the Debtor before or after Confirmation as provided in Section 1127 of the Bankruptcy Code. Debtor may modify the Plan prior to the Effective Date if the Court determines that the modification does not materially or adversely affect or impair the interest of any holder of a Claim who has not accepted such modification. Such modification shall be deemed accepted by holders of claims who have previously accepted the Plan.

    **E.**    <u>**Notices:**</u> Any notice to Debtor shall be in writing and mailed and shall be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:

        Patrick Calhoun, Esq.
        SAGARIA LAW, P.C.
        333 W. San Carlos, Suite 1700
        San Jose, CA 95110

F. **United States Trustee Fees:** Debtor shall pay United States Trustee fees until the case is closed pursuant to a Final Decree.

G. **Prepayment:** Nothing in the Plan shall prevent Debtor from completing the Plan earlier than scheduled.

H. **Discharge:** Upon confirmation of the Plan, Debtor will emerge from bankruptcy and be working under contract with its creditors.

### V. POST-CONFIRMATION REPORTS AND FEES

A. **Post-Confirmation United States Trustee Quarterly Fees**

A quarterly fee shall be paid by the Reorganized Debtor to the United States Trustee, based upon all disbursements made by Debtor, post-confirmation, until this case is converted, dismissed or closed pursuant to a Final Decree as required by 28 U.S.C. § 1930(a)(6). Reports shall include an analysis of plan payments placed in trust for creditors.

B. **Chapter 11 Post-Confirmation Reports and Final Decree**

At the end of the calendar quarter first occurring after entry of the Confirmation Order, the Reorganized Debtors shall file a post-confirmation status report, the purpose of which is to explain the progress made toward substantial consummation of the confirmed plan of reorganization. The report shall include a statement of receipts and disbursements, with the ending cash balance, for the entire 90 day period. The report shall also include information sufficiently comprehensive

PLAN OF REORGANIZATION -- Page 11 of 12
Case: 09-48542   Doc# 78   Filed: 04/23/10   Entered: 04/23/10 19:18:22   Page 11 of 12

to enable the court to determine: (1) whether the order confirming the Plan has become final; (2) whether deposits, if any, required by the Plan have been distributed; (3) whether any property proposed by the Plan to be transferred has been transferred; (4) whether the Reorganized Debtors under the Plan have assumed the business or the management of the property dealt with by the Plan; (5) whether payments under the Plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. §1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved. Further reports will be filed every 90 days thereafter until entry of the Final Decree. The Reorganized Debtors will continue to provide reports concerning the Plan payments to the United States Trustee until the case is closed.

**Service of Reports:** A copy of each report shall be served, no later than three days from the date it is filed with the court, upon the United States Trustee and other such persons or entities as my request such reports in writing, by notice served on Debtor and Debtor's attorney.

Respectfully submitted,

SAGARIA LAW, P.C.

Dated: April 23, 2010     __/s/ *Donna Flavetta*_____
                          Donna Flavetta


Dated: April 23, 2010     __/s/ *Patrick Calhoun*_____
                          Patrick Calhoun, Esq.