SCOTT J. SAGARIA (#217981)
SAGARIA LAW, P.C.
333 WEST SAN CARLOS STREET
SUITE 1700
SAN JOSE, CA 95110
408-279-2288 PH
408-279-2299 FAX

Attorney for Debtor,

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DONNA FLAVETTA,<br>aka DONNA R. AWTREY,<br>aka DONNA R. FERNANDEZ,<br>aka DONNA R. PICHE,<br><br>    Debtor. | Case No: 09-48542-EDJ<br><br>CHAPTER 11<br><br>**Adversary No.** |
| DONNA FLAVETTA,<br>    Plaintiff,<br><br>CMR COMMERCIAL MORTGAGE FUND, LLC,<br><br>    Defendant. | |

    Pursuant to 11 U.S.C. § 362, the above-named Debtor requests that this court enter a Order imposing a restraining order on the sale or transfer of real property and adequate protection payments, on the grounds set forth below.

    1. Debtor currently operates an event facility at 463 Kilkare Road, Sunol, California 94586. At the facility Debtor caters and hosts business events, conferences and weddings.

2. Due to the financial crisis in 2008 and 2009, Debtor filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code on October 11, 2009.

3. CMR COMMERCIAL MORTGAGE FUND, LLC, holds a secured first mortgage on the property for $3,000,000.00.

4. COMMERCIAL MORTGAGE FUND, LLC filed a motion for relief from stay on May 15, 2010.

5. The Court ordered Debtor to pay COMMERCIAL MORTGAGE FUND, LLC a adequate protection payment of $13,000.00. Payment was made and the hearing was continued to June 24, 201, the same date of the confirmation hearing for Debtor's plan of reorganization.

6. Debtor proposed plan of reorganization had four voting classes. Out of the four voting class three approved the plan of reorganization. Class 3 and Class 4 consisted of the second and third mortgage holders. Both approved of the plans. Class 5 consisted of 3 unsecured creditors, two of which approved of the plan of reorganization. These two votes constituted 66.7% of the members of the class and 99.2% of the amount. This class was deemed accepted.

7. Class 2, consisting solely of COMMERCIAL MORTGAGE FUND, LLC, objected to the plan.

8. On June 24, 2010 the Court granted COMMERCIAL MORTGAGE FUND, LLC motion for relief from stay for 463 Kilkare Road, Sunol, California 94586. The Court did this before considering the merits of the Debtor's plan of reorganization, which met all the

requirements for a cramdown plan. The Court ruled that the confirmation hearing was moot and ended the hearing.

9. The Debtor has decided that they wish to keep their real property located at 463 Kilkare Road, Sunol, California 94586.

10. The real property is set for foreclosure sale on July 22, 2010 by CMR COMMERCIAL MORTGAGE FUND, LLC, hereafter "Creditor:"

11. The Debtor is ready and willing to make Adequate Protection Payments in the sum of $19,000. This constitutes a payment of $6,000 in excess of the Court ordered adequate protection payment. Payment may be made immediately

12. The Creditor would not be overly prejudiced if the foreclosure sale is vacated and the restraining order is granted because Debtor would be providing adequate protection payments in excess of the amount originally ordered by the Court.

13. Furthermore, Debtor is currently in negotiations with the secured creditors of 463 Kilkare Road, Sunol, California 94586 regarding terms of a new proposed Plan of Reorganization. The proposed Plan would set forth that Creditor would receive a monthly payment of $19,000, $16,000 7 % interest only payment and a $3,000 principal payment, from Debtor. These payments would continue for five years. Debtor would also enter into a subordination agreement with the second and third creditors of the property, Golden Valley Mortgage & Robert Petersen respectively. This subordination agreement would state that any refinancing entered into by Debtor on the first mortgage would take priority over all other claims. The subordination agreement would also state than any proceeds generated by the

refinancing would be distributed according to priority of claims. Debtor would agree to not receive any proceeds from the refinancing.

14. Debtor submitted the terms to creditor on June 28, 2010. Jeffery D. Townbridge rejected Debtor's proposed terms. Patrick Calhoun, received approval on the substance of the subordination agreement from the attorney of the second secured creditor, C. Randall Bupp. Patrick Calhoun is currently seeking approval from the attorney of the third secured creditor, Robert E. Sheldon.

15. The Debtor is able to make the payments based on a huge surge of business as the economy rebounds and a successful release from a City Ordinance curfew. The release alone will lead to a doubling of availability for events and weddings. This turn of events is evident by the 33 weddings and 7 business events booked already through October 2010.

16. With a restraining order in place, Debtor can take the time to propose further plan and terms of a subordination agreement with all secured creditors. Debtor can also file a new disclosure statement and plan with the Court.

WHEREFORE, Debtor(s) prays for a Restraining Order stopping any sale or transfer of the property and order for Adequate Protection Payments.

Dated: July 20, 2010                         /s/ Patrick Calhoun_____

                                                                       Patrick Calhoun,

                                                                       Attorney for Debtors